# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| HAKEEM RAPHAEL ABDULLAH, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 3:21-CV-104-CLC-HBG |
| RONALD L. SEALS, | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

The Court is in receipt of a prisoner's pro se petition for habeas corpus relief under § 2241, asserting a claim for denial of a speedy trial [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Petitioner lacks sufficient financial resources to pay the $5.00 filing fee. Accordingly, Petitioner's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**. However, for the reasons set forth below, this action will be **DISMISSED without prejudice**.

As set forth above, Petitioner seeks habeas corpus relief under § 2241 based on a claim for denial of a speedy trial [Doc. 2]. In his petition, Petitioner states that while he filed one motion to dismiss the criminal proceeding against him due to the court's delay in providing him a trial, he is unsure whether the court denied that motion on the merits, so he recently filed a renewed motion to dismiss on the same ground [*id.* at 2]. Thus, it is apparent that Petitioner has not presented his speedy trial claim to the Tennessee Court of Appeals.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to fairly present federal claims so that state

courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 844; *Picard v. Connor*, 404 U.S. 270, 275–77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas corpus relief. *O'Sullivan*, 526 U.S. at 845.

Tennessee has determined that presentation of a claim to the Tennessee Court of Criminal Appeals will satisfy the requirement of presentation to the state's highest court. Tenn. S. Ct. R. 39. A district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas corpus claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Shah v. Quintana,* No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (providing that "a sua sponte dismissal [of a 2241 petition] . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself").

It is apparent from the face of his petition that Petitioner has not exhausted his available state court remedies for his speedy trial claim. Specifically, it is unclear whether Petitioner has received a ruling on the merits of that speedy trial claim from the criminal trial court, but it is clear that Petitioner has not presented the claim to the Tennessee Court of Appeals. As such, Petitioner's petition for habeas corpus relief [Doc. 2] will be **DISMISSED without prejudice**.

Accordingly, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

2

Case 3:21-cv-00104-CLC-HBG   Document 4   Filed 03/26/21   Page 2 of 3   PageID #: 14

Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurors would not debate the Court's procedural ruling that Petitioner has not exhausted his state court remedies for his speedy trial claim, a COA will not issue.

Accordingly, for the reasons set forth above:

1. Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. The petition for habeas corpus relief under §2241 [Doc. 2] will be **DISMISSED without prejudice**;

3. A COA will not issue; and

4. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**